IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CUONG THE DIEP, individually, and d.b.a. LANG THANG, <br><br> Defendant. | Case No.: 11-5470 YGR (JSC) <br><br> **ORDER RE: SERVICE OF SUMMONS AND COMPLAINT** |

Plaintiff's Motion for Default Judgment (Dkt. No. 15) was referred to the undersigned for a report and recommendation. The Court has reviewed Plaintiff's motion and the record in this action and finds that Plaintiff has not established proper service of the Summons and Complaint.

A court is required to "assess the adequacy of the service of process on the party against whom default is requested." Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters, No. 00–0395, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). Federal Rule of Civil Procedure 4(e) provides that an individual may be served either by delivering a copy of the summons and complaint to the individual personally or in accordance with

California law. Under California law, if personal service of the summons and complaint cannot be accomplished with reasonable diligence, then substituted service is proper. See Cal. Code Civ. Proc. § 415.20(b).

Here, Plaintiff has submitted a declaration from a process server indicating that substituted service was made on Dalena Nguyen the "Person in Charge" at Lang Thang, on January 5, 2012. However, the declaration does not include any information regarding whether Plaintiff used reasonable diligence to personally serve Defendant – frequently known as the "Declaration Regarding Diligence." See Dkt. No. 9. Within 7 days after the filing of this Order, Plaintiff shall submit proof of reasonable diligence with respect to service of the Summons and Complaint in this action.

**IT IS SO ORDERED.**

Dated: April 16, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE